IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUANITA POOLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-00520-RAH |
| | ) |
| STATE FARM FIRE AND | ) |
| CASUALTY CO., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's *Motion to Remand* (doc. 6) filed on September 13, 2024. The motion has been fully briefed and is ripe for review. After careful consideration, the motion is due to be GRANTED.

## BACKGROUND

Plaintiff Juanita Poole originally filed this action against Defendants State Farm Fire and Casualty Company ("State Farm"), Jason Handley, and B.J. Sumner in the Circuit Court for Butler County, Alabama, seeking damages associated with State Farm's decision to, in part, deny a lightning strike claim. In her Complaint, Poole brought claims for misrepresentation, suppression, negligent and wanton insurance policy procurement, negligent supervision, breach of contract, bad faith, and intentional infliction of emotional distress (outrage).

Defendants timely removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1455, which spurred Poole's *Motion to Remand*. According to Poole, this Court lacks subject matter jurisdiction because there is no complete diversity between the parties. The Defendants argue there has been fraudulent joinder of the two individual defendants who are Alabama citizens.

## LEGAL STANDARD

On a motion to remand, a court must consider whether removal to federal court was appropriate. Removal is proper if the case could have been filed in federal court in the first instance. 28 U.S.C. §1441(a). The removing party bears the burden to show that federal jurisdiction exists and that removal was proper. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011).

Federal district courts have original jurisdiction "over two general types of cases: cases that arise under federal law . . . and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (cleaned up) (citing 28 U.S.C. §§ 1331, 1332(a)). Relevant here is the latter, which is known as "diversity jurisdiction." Civil actions that meet diversity jurisdiction criteria that are brought in state court "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Assuming the district court has subject matter jurisdiction, the case may proceed in federal court.

But when a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed. *See Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 90 (2005) (citing 28 U.S.C. § 1441(b)). "[R]emand is the necessary corollary of a federal district court's diversity jurisdiction, which requires complete diversity of citizenship." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007) (citation omitted).

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998). "In that situation, the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state

court," *Florence,* 484 F.3d at 1297, because the plaintiff is said to have effectuated a "fraudulent joinder," *see Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), and a federal court may appropriately assert its removal diversity jurisdiction over the case.

The burden of proving fraudulent joinder "is a heavy one." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). And it is one that rests with the removing defendant. *Id.* A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id.* (citation omitted). "The defendant must make such a showing by clear and convincing evidence." *Henderson v. Wash. Nat. Ins. Co.,* 454 F.3d 1278, 1281 (11th Cir. 2006).

The court, however, must evaluate the parties' factual allegations and submissions in the light most favorable to the plaintiff and "resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538 (citation omitted). And the court must make "these determinations based on the plaintiff's pleadings at the time of removal" but "may consider affidavits and deposition transcripts submitted by the parties." *Id.* "If there is even a *possibility* that a state court would find that the complaint states a cause of action against . . . the resident defendant[], the federal court must find that the joinder was proper and remand the case to the state court." *Stillwell*, 663 F.3d at 1333 (emphasis added) (internal quotations and citation omitted); *see Pacheco de Perez,* 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court."). In other words, "the plaintiff need not have a winning case against the allegedly fraudulent

3

defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Stillwell*, 663 F.3d at 1333 (brackets omitted) (quoting *Triggs*, 154 F.3d at 1287).

## DISCUSSION

In her *Motion to Remand*, Poole concedes that the amount in controversy satisfies the federal jurisdiction requirement but contests the Defendants' assertion of fraudulent joinder. Thus, whether this action must be remanded rests on whether Poole has asserted enough to show the "possibility of stating a valid cause of action" against one or both of the Alabama-citizen Defendants — Handley and Sumner. *Id*. In this regard, Poole need only meet her burden on one of her claims against one of the individual defendants.

In her motion, Poole argues that removal was improper because she made specific allegations in her Complaint against Handley and Sumner as employees of State Farm. Again, Poole need not have a winning case; she "need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287. Poole "acknowledges that Count III (negligent/wanton failure to procure), Count V (breach of contract) and Count VI (bad faith) do not apply to Handley or Sumner," but she argues that "Counts I [(false representation)], II [(fraudulent failure to disclose)], and VII [(intentional infliction of emotional distress)] state valid claims against Handley and that Count IV [(negligent or wanton training, monitoring, and/or supervising agents and representatives)] states a valid claim against Sumner . . . ." (Doc. 7 at 6.)

The Defendants contend that "there is no reasonable possibility that the Complaint states a cause of action against Sumner and Handley," and as such, "they have been fraudulently joined in the State Court Action," which means "this Court should disregard their Alabama citizenship for the purposes of this removal." (Doc. 1 at 2.) They assert that Poole only states her claims against Sumner and Handley

4

"in conclusory fashion" and fails to provide "factual allegations to support those claims, making those claims fail to state a claim upon which relief can be granted." (Doc. 10 at 2.)

The issue is not whether the Complaint is well-drafted for federal pleading purposes. Rather, the issue is whether there is "no possibility" that Poole can establish a cause of action against one of them. While the Court has real concerns about the plausibility of the fraud-based claims, the outrage claim is the dispositive one here for remand purposes.

Under Alabama law, to state a claim for outrage, a plaintiff must show the defendant's conduct was (1) intentional or reckless; (2) extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it. *Little v. Robinson,* 72 So. 3d 1168, 1172 (Ala. 2011). Although "the tort of outrage is a very limited cause of action that is available only in the most egregious circumstances," *Thomas v. BSE Indus. Contractors, Inc.*, 624 So. 2d 1041, 1044 (Ala. 1993), the Alabama Supreme Court has recognized the existence of the claim in the insurance claim handling context. *See Tinker v. Beasley*, 429 F.3d 1324, 1330 (11th Cir. 2005) (per curiam) (explaining the Alabama Supreme Court has acknowledged outrage claims in cases where "insurance agents employ[ed] heavy-handed, barbaric means to coerce insureds into settling insurance claims." (cleaned up and internal quotation marks omitted)); *see also Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000) (outlining three instances where the Alabama Supreme Court has recognized an outrage claim).

In her Complaint, Poole alleges that Handley intended to inflict emotional distress through extreme and outrageous conduct that caused severe emotional distress to Poole through Handley's wrongful conduct, such as his lying and intimidating Poole, a 90-year-old woman, to drop her insurance claim. While Poole broadly alleges facts that may not directly fit within the cases that have recognized

5

the outrage cause of action, Poole's outrage claim is nevertheless based in insurance claim handling. Poole does not have to prove at this juncture that her facts fit perfectly because the Alabama Supreme Court has explained that the tort of outrage is not restricted to the three specific circumstances articulated in *Potts v. Hayes*, 771 So. 2d 462 (Ala. 2000). *See Little*, 72 So. 3d at 1172–73.

The Court cannot say that there is *no possibility* that Poole can establish an outrage claim against Handley when the factual allegations are viewed in the light most favorable to Poole, when any uncertainties about state substantive law are resolved in Poole's favor, and when Poole's complaint allegations are tested only against Alabama's traditional notice pleading standards. *See Crowe*, 113 F.3d at 1538; *see also Crum v. Johns Manville, Inc.*, 19 So. 3d 208, 212 n.2 (Ala. Civ. App. 2009) ("Our supreme court has adopted the standard set forth in *Conley v. Gibson* . . . for the dismissal of claims under Rule 12(b)(6), Ala. R. Civ. P. Until such time as our supreme court decides to alter or abrogate this standard, we are bound to apply it, the United States Supreme Court's decision in *Twombly* . . . notwithstanding."). Indeed, under Alabama law, "the purpose of notice pleading is to provide defendants adequate notice of the claims against them." *Ex parte Int'l Refin. & Mfg. Co.*, 972 So. 2d 784, 789 (Ala. 2007). "It is never proper [under Alabama pleading standards] to dismiss a complaint if it contains even a generalized statement of facts which will support a claim for relief under [Alabama Rule of Civil Procedure] 8." *Dunson v. Friedlander Realty*, 369 So. 2d 792, 796 (Ala. 1979). The Court therefore concludes that a possibility exists that Poole can establish an outrage claim Handley. Joinder of Handley was proper, and remand is appropriate. *Pacheco de Perez,* 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court.").

## CONCLUSION

On the record presented, the Court is not sufficiently convinced that there is

6

no possibility that Poole could establish outrage claim against Handley, a resident-citizen of Alabama, or that Poole fraudulently joined Handley to defeat federal diversity jurisdiction. Accordingly, Plaintiff Juanita Poole's *Motion to Remand* (doc. 6) is GRANTED, and this action is REMANDED to the Circuit Court of Butler County, Alabama.

The Clerk of the Court is DIRECTED to take the necessary steps to remand this case back to the Circuit Court of Butler County, Alabama.

**DONE** and **ORDERED** on this the 14th day of November 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE